UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-761-FDW
(3:06-cr-51-FDW-DCK-1)

| JERMAINE BRYANT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 or, Alternatively, for Relief under 28 U.S.C. § 2241, Writ of Coram Nobis, Writ of Audita Querela (Doc. No. 3), and on Respondent's Response re Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 6).

On December 14, 2006, Petitioner pled guilty to conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count Three); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (Count Four); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Six). (Crim. No. 3:06-cr-51, Doc. No. 91: Judgment). The drug trafficking counts alleged at least five kilograms of cocaine and 100 kilograms of marijuana, meaning that Petitioner faced mandatory minimum sentences of ten years in prison for those counts. Petitioner also faced a mandatory minimum

consecutive sentence of five years for the Section 924(c) count.

On January 24, 2008, Petitioner was sentenced to concurrent terms of 120 months' imprisonment for the drug trafficking counts (Counts One, Three, and Four), and the possession of a firearm count (Count Six). The Court also sentenced Petitioner to a consecutive 60 months' imprisonment for the Section 924(c) offense (Count Five). The Court entered judgment on February 4, 2008, and Petitioner did not appeal.

On November 15, 2012, Petitioner filed the instant motion to vacate. In its Response, Respondent concedes that under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the underlying state court conviction used to support the Section 922(g) conviction was not for an offense punishable by more than one year in prison; therefore, Petitioner lacks a qualifying, predicate conviction for purposes of being convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Respondent maintains in its response that Petitioner's Section 2255 motion to vacate is untimely and he is not entitled to equitable tolling. However, Respondent agrees to relief under Section 2241 as to Petitioner's Section 922(g) conviction because only the conviction, not the sentence, is infirm under Simmons.

The Court will grant Petitioner relief to the extent that the Court will amend the judgment to remove the Section 922(g) conviction. The other convictions and sentences however, remain. Therefore, Petitioner's sentence will not be affected by the amendment in the judgment to remove the Section 922(g) conviction.

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's Motion to Vacate under Section 2255, (Doc. No. 3), is **DISMISSED** as untimely. However, Petitioner's Alternative Ground for Relief under Section 2241 is

**GRANTED**, and Petitioner's Section 922(g) conviction is hereby **VACATED**. The Court will amend the judgment against Petitioner accordingly.

Signed: February 25, 2013

Frank D. Whitney
United States District Judge